GARY R. CLOUSE (Bar No. 111055)
gclouse@icclawfirm.com
ISAACS, CLOUSE, CROSE & OXFORD, LLP
3110 Main Street, Suite 210
Santa Monica, California 90405
Telephone: 310-458-3860
Fax: 310-451-3858

OF COUNSEL
SIMMS SHOWERS LLP
J. Stephen Simms
jssimms@simmsshowers.com
John T. Ward
jtward@simmsshowers.com
Marios J. Monopolis
mjmonopolis@simmsshowers.com
201 International Circle
Baltimore, Maryland  21030
Telephone:	410-783-5795
Facsimile:	410-510-1789

Attorneys for Plaintiff
CHEMOIL MIDDLE EAST DMCC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chemoil Middle East DMCC,<br><br>            Plaintiff,<br><br>     vs.<br><br>Gulf Marine Management SA,<br><br>and<br><br>Chloe Navigation Ltd.,<br><br>            Defendants<br><br>and<br><br>The Master of the Vessel M/T CHLOE,<br><br>            Garnishee. | Case No.:<br><br>**IN ADMIRALTY**<br><br>**VERIFIED COMPLAINT AND REQUEST FOR ISSUE OF MARITIME ATTACHMENT PURSUANT TO FEDERAL SUPPLEMENTAL ADMIRALTY AND MARITIME RULE B** |

Verified Complaint – 1

Plaintiff Chemoil Middle East DMCC ("Chemoil") pursuant to Fed. R. Civ. P. 15 and the applicable Local Rules of this Court, hereby sues Gulf Marine Management SA and its alter-ego/subsidiary Chloe Navigation Ltd. (collectively "Gulf Marine") *quasi in rem* pursuant to Supplemental Admiralty and Maritime Rule B as more fully set out herein.

### Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, and is an admiralty or maritime claim within the meaning of Fed. R. Civ. P. 9(h).

2. Venue is proper in this Court because property of defendant Gulf Marine, namely, the vessel M/T CHLOE, IMO No. 9457452 ("Vessel"), of which Gulf Marine is the disponent/group and ultimate owner, confirmed by the Lloyd's Register of Shipping (Sea Web), record set out as **Exhibit A hereto**, and other property of Gulf Marine so owned aboard or adjacent to the Vessel, including, but not limited to the bunkers of the Vessel (herein collectively, "Property") is or soon will be within this District.  At the time of the filing of the original complaint and thereafter, Gulf Marine was not found within this District within the meaning of Supplemental Rule B.

### Parties

3. Chemoil is a corporation engaging in the fueling (bunkering) of ocean-going vessels.  Gulf Marine owns, charters and operates ocean-going vessels.  In January, 2014, Gulf Marine also operated and chartered the M/T ARTEMIS GLORY.  On January 13, 2013, as operator and charterer of the M/T ARTEMIS GLORY, Gulf Marine Management, S.A. contacted Chemoil by email, requesting that Chemoil quote a price for marine fuel for the M/T ARTEMIS GLORY.  On January 13, 2014, Chemoil quoted an accepted price, and sent by return email a sale confirmation.  The Gulf Marine Management, S.A. initial email request for quote,

and Chemoil's response with acceptance and confirmation, are **Exhibit B hereto**.  The confirmation and email confirmed as well that the sale was subject to Chemoil's General Terms and Conditions for the Sale of Marine Fuels, a copy of which is **Exhibit C hereto**.

4. On or about January 16, 2014, on the order of Gulf Marine confirmed in the contractual documents which are Exhibits B and C hereto, Chemoil provided bunkers and bunker services ("marine fuel") to the M/T ARTEMIS GLORY, a vessel operated and/or chartered by Gulf Marine, as confirmed by Chemoil's January 17, 2014 invoice to Gulf Marine, and the January 16, 2014 delivery receipt to the Vessel which are **Exhibit D hereto**.  As set out in Exhibit D hereto, Chemoil provided the marine fuel through a physical supplier, and the Chief Engineer of the M/T ARTEMIS GLORY, an employee agent of defendants Gulf Marine, signed the receipt for the marine fuel on behalf of defendants Gulf Marine and its vessel, the M/T ARTEMIS GLORY.  Chemoil fully paid the physical supplier and thereby also acceded to and took assignment of all rights of that physical supplier.  Chemoil entered into the contract to provide marine fuel to the M/T ARTEMIS GLORY, its Master and/or Owners and/or Charterers, including Gulf Marine.

5. As set out above, Chemoil confirmation of the order on January 13, 2014 made plain that Chemoil's terms and conditions would apply to the sale.  The confirmation states specifically as follows:

> **This sale is based on the standard terms and conditions of sale of marine fuel by Chemoil Energy Group of Companies (May 2012).  Fuel oil will be supplied with the express recognition that procurement was authorized by the owner of the vessel, as defined by section 971 of the federal maritime lien act.**
>
> **All sales will be considered as ratified by the owner, agent, ship's master or charterer.** Please note that, in  accordance with Chemoil's terms and conditions of sale, late payments will be subject to finance charges of 2% per month, or the maximum rate permitted under law, whichever is less, calculated from the due

Verified Complaint – 3

date until payment. **<u>Please refer to our webpage at www.chemoil.com for a copy of our port tariffs and standard terms and conditions of sale of marine fuel</u>**.

**<u>We will assume that all parties agree to this confirmation unless we are notified in writing 24 hours of the date and time that this message is sent</u>**.

(Emphasis added).  Chemoil received no notification to the contrary in writing within 24 hours of the date and time of this confirmation, or otherwise.  Chemoil's General Terms and Conditions for the Sale of Marine Fuels, a copy of which is **<u>Exhibit C hereto</u>** ("Standard Terms"), incorporated into the sale terms, provide for Chemoil's recovery of all of its interest, costs and attorneys' fees should payment not be timely made.

     5.     On January 17, 2014 Chemoil issued its invoice to Gulf Marine (**<u>Exhibit D hereto</u>**), in the agreed amount of $1,307,080.50, with 45 day terms.  The total remaining due to Chemoil, including interest and finance charges, is $1,307,080.50, and further interest, costs and attorneys' fees as provided in the Chemoil Standard Terms.  Despite repeated demand, Chemoil has not been paid for the bunkers provided to the M/T ARTEMIS GLORY, and related contractually-required charges.

     6.     As set in **<u>Exhibit A hereto</u>**, defendant Gulf Marine Management SA is the sole owner and alter ego, and vice versa, of defendant Chloe Navigation Ltd.  Each has the same office and ownership.  Gulf Marine Management, S.A. is the Group Owner of the M/T CHLOE, as well as the ship manager and operator of the M/T CHLOE.  Defendant Gulf Marine Management SA established Chloe Navigation Ltd. as a one-vessel-owning company, and wholly controls and dominates Chloe Navigation Ltd.  Chloe Navigation Ltd. and any of its property including the Vessel belong solely to Gulf Marine Management SA.

## COUNT I

### Breach of Maritime Contracts

Verified Complaint – 4

7. Plaintiff incorporates the above paragraphs as if specifically set forth herein.

8. Defendant Gulf Marine Management S.A. (including its alter ego, Chloe Navigation) has breached its maritime contract to pay Chemoil as set out above. Despite demand, plaintiff remains unpaid.

9. Plaintiff therefore demands judgment, as set out more fully below.

## COUNT II

### Maritime Attachment and Garnishment (Rule B)

10. Plaintiff incorporates the above paragraphs as if specifically set forth herein.

11. On information and belief, defendants have property within this District held by the Garnishee(s) or within the control of the Garnishee(s), including but not limited to, the Vessel M/YT CHLOE, its equipment, bunkers and appurtenances, and freights.

12. Defendants cannot be found within this District pursuant to Supplemental Rule B, and this Court therefore should issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment to each Garnishee pursuant to Supplemental Rule B attaching all of Defendant's tangible or intangible property or any other funds held any Garnishee on behalf of Defendant, up to the amount of at least $1,307,080.50 for plaintiff Chemoil (plus contractually-required interest, costs, and attorneys' fees) (the principal and 30% total **at least $1,699,204.65**), and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in this Verified Complaint, as more fully set out below.

WHEREFORE, Chemoil respectfully requests:

A. That in response to Count I, this Court enter judgment against Gulf Marine (including Chloe Navigation) in the amount of at least:

   **$1,699,204.65**, plus daily accrued contractual interest, and attorneys' fees, for the principal amounts due and overdue for provision of bunkers to the M/T ARTEMIS GLORY and related amounts; and

B. That in response to Count II, since defendants Gulf Marine (including its alter ego, Chloe Navigation) could not at the time of the filing of this original, verified, complaint be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B attaching all of defendants' Gulf Marine's tangible or intangible property or any other funds held by any garnishee, including the Vessel M/T CHLOE, its bunkers and related Property, which are due and owing to or owned by Gulf Marine (including its alter ego, Chloe Navigation) up to the amount of at least the amounts demanded herein to secure Chemoil's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in this First Amended Verified Complaint; and

C. That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof; and

D. That this Court award Chemoil such other and further relief as this Court deems just and proper.

Dated: October 22, 2014.

     /s/ Gary R. Clouse
     GARY R. CLOUSE (Bar No. 111055)
     gclouse@icclawfirm.com
     ISAACS, CLOUSE, CROSE & OXFORD, LLP
     3110 Main Street, Suite 210
     Santa Monica, California 90405
     Telephone: 310-458-3860
     Fax: 310-451-3858

     Chemoil Middle East DMCC Counsel

OF COUNSEL

SIMMS SHOWERS LLP
J. Stephen Simms
jssimms@simmsshowers.com
John T. Ward.
jtward@simmsshowers.com
Marios J. Monopolis
mjmonopolis@simmsshowers.com
201 International Circle
Baltimore, Maryland  21201
Telephone: 410-783-5795
Fax:   410-510-1789

**VERIFICATION**

I am a Principal of the law firm ISAACS, CLOUSE, CROSE & OXFORD, LLP, counsel to Plaintiff.

The facts alleged in the foregoing First Amended, Verified Complaint are true and correct to the best of my knowledge and information, and based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verification on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further verify that Defendants Gulf Marine (including Chloe Navigation) cannot be found within this District within the meaning of Supplemental Rule B. I state that on behalf of Plaintiff, an electronic records search for Defendant was completed in the records of the California Secretary of State, finding no resident agent or corporate registration for Defendants in California, that according to Directory Assistance there is no telephone listing for Defendants within any area code in this District, and that further an on-line search using Google has shown no presence of the Defendants in this District.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on October 22, 2014.

/s/ Gary R. Clouse

GARY R. CLOUSE (Bar No. 111055)
gclouse@icclawfirm.com
ISAACS, CLOUSE, CROSE & OXFORD, LLP
3110 Main Street, Suite 210
Santa Monica, California 90405
Telephone: 310-458-3860
Fax: 310-451-3858

Chemoil Middle East DMCC Counsel